1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARNEL FRANCISCO, et al.,

11           Plaintiffs,              No. 2:12-cv-0522 LKK DAD PS

12       vs.

13   GREENPOINT MORTGAGE FUNDING     ORDER
     INC., et al.,
14

15           Defendants

16   _____/

17           This matter came before the court on July 13, 2012, for Status (Pretrial

18   Scheduling) Conference.  Plaintiff Arnel Francisco, who is proceeding pro se in this action,

19   appeared on his own behalf.  No appearance was made by or on behalf of plaintiff Janeth

20   Francisco or any defendant.[1]

21           At the July 13, 2012 hearing the undersigned advised plaintiff Arnel Francisco

22   that plaintiffs have filed no evidence that service of the summons and complaint was effected on

23   any defendant and also noted that no defendant has appeared in the action.  Plaintiff Arnel

24   Francisco represented to the court that the plaintiffs had paid a process server to effect service on

25   _____

26       [1]  Plaintiff Arnel Francisco stated at the hearing that plaintiff Janeth Francisco was ill and
     could not appear.

                                     1

the defendants, believed that the process server had served each defendant and that each

defendant would appear at the July 13, 2012 hearing.  Moreover, plaintiff Arnel Francisco

represented that the plaintiffs were in discussions with an attorney who they hoped to retain to

represent them in this matter.  Finally, plaintiff Arnel Francisco reported that if counsel was

retained, he wished to file an amended complaint on behalf of the plaintiffs.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant

within 120 days after it files the complaint.  A court must dismiss a case without prejudice if a

plaintiff has not complied with this provision unless the plaintiff shows good cause for its failure

to serve a defendant.  Fed. R. Civ. P. 4(m).  If good cause appears, the court must extend the time

for service for an appropriate period.  Id.  Even without good cause, "[c]ourts have discretion

under Rule 4(m) . . . to extend the time for service." In re Sheehan, 253 F.3d 507, 513 (9th Cir.

2001); see also Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have

broad discretion to extend time for service under Rule 4(m).").  In this regard, "if good cause is

not established, the district court may extend time for service upon a showing of excusable

neglect." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, there appears to be no prejudice to defendants in granting plaintiffs a brief

extension of time in which to serve defendants.  Moreover, given the reason stated for plaintiffs'

failure to effect service, and the possibility that plaintiffs will retain counsel in the near future, it

is likely that plaintiffs will serve defendants if granted a short extension of time.  Finally, it

appears that the pro se plaintiffs failure to serve the defendants was not the result of inexcusable

neglect, since they reportedly employed a process server to serve the defendants but the process

server nevertheless failed to properly serve any defendant.  Plaintiffs will therefore be granted a

brief extension of time in which to effect service.

Accordingly, IT IS ORDERED that:

1.  Plaintiffs are granted thirty days from the date of this order to either file proof

of service of the original complaint on each defendant or file and serve an amended complaint on

1  each defendant <u>and</u> file with the court proof of service of the amended complaint on each

2  defendant;

3       2.  A Status (Pretrial Scheduling) Conference is set for **Friday, October 5, 2012,**

4  **at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in

5  Courtroom No. 27 before the undersigned;

6       3.  Within fourteen (14) days after plaintiffs are served with this order, plaintiffs

7  shall serve upon each defendant one copy of this order, as well as a copy of the Notice of

8  Availability of a Magistrate Judge and the related form that were served on plaintiffs by the Clerk

9  on February 28, 2012; within five (5) days after serving the required copies on the defendants,

10 plaintiffs shall file a certificate of service indicating the date and manner of service of the copies

11 on each defendant;

12      4.  Any party may appear at the Status (Pretrial Scheduling) Conference

13 telephonically <u>if</u> the party pre-arranges such appearance by contacting Pete Buzo, the courtroom

14 deputy of the undersigned magistrate judge, at (916) 930-4128 <u>at least 48 hours before the Status</u>

15 <u>(Pretrial Scheduling) Conference</u>.  A land line telephone number must be provided;

16      5.  Plaintiffs shall file and serve a status report on or before **September 21, 2012,**

17 **2012,** and defendants shall file and serve status reports on or before **September 28, 2012**.  Each

18 party's status report shall address all of the following matters:

19        a.  Progress of service of process;

20        b.  Possible joinder of additional parties;

21        c.  Possible amendment of the pleadings;

22        d.  Jurisdiction and venue;

23        e.  Anticipated motions and the scheduling thereof;

24        f.  Anticipated discovery and the scheduling thereof,
   including disclosure of expert witnesses;

25

26        g.  Future proceedings, including the setting of
   appropriate cut-off dates for discovery and for law

1    and motion, and the scheduling of a final pretrial
     conference and trial;

2
     h.   Modification of standard pretrial procedures
3         specified by the rules due to the relative simplicity
          or complexity of the action;
4    i.   Whether the case is related to any other case,
          including matters in bankruptcy;
5
     j.   Whether the parties will stipulate to the magistrate
6         judge assigned to this matter acting as settlement
          judge, waiving any disqualification by virtue of his
7         so acting, or whether they prefer to have a
          Settlement Conference before another magistrate
8         judge;

9    k.   Whether the parties intend to consent to proceed before a
          United States Magistrate Judge; and
10
     l.   Any other matters that may aid in the just and
11        expeditious disposition of this action.

12       6.  Plaintiffs are again advised that <u>failure to file a timely status report</u>, or failure

13   to appear at the status conference either in person or telephonically, may result in a

14   recommendation that this action be dismissed for lack of prosecution and as a sanction for failure

15   to comply with court orders and applicable rules.  <u>See</u> Local Rules 110 and 183; and

16       7.  Plaintiffs are hereby cautioned that if service of the summons and original

17   complaint, or any amended complaint filed by plaintiffs, is not accomplished on a defendant

18   within 30 days of the date of this order, the undersigned will recommend that this matter be

19   dismissed.

20   DATED: July 16, 2012.

21

22   _____
     DALE A. DROZD
23   UNITED STATES MAGISTRATE JUDGE

24   DAD:6
     Ddad1\orders.pro se\francisco0522.ossc2
25

26

4